**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zsa Zsa Graham-Miller,<br><br>    Plaintiff,<br><br>vs.<br><br>Nationstar Mortgage LLC; Quality Loan Service Corp.; CitiMortgage; Mortgage Electronic Registration Systems, Inc.; and K. Hovanian American Mortgage LLC,<br><br>    Defendants. | No. CV11-00848-PHX-JAT<br><br>**ORDER** |

Currently pending before the Court are: 1) Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Doc. 7) filed by Defendants Nationstar Mortgage, LLC ("Nationstar"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Quality Loan Service Corp. ("Quality"); 2) Motion to Dismiss with Prejudice (Doc. 8) filed by Defendant CitiMortgage; 3) Plaintiff's Motion to Review the Authentication of Official Documents Related to Fraud (Doc. 23); 4) Plaintiff's Alternative Motion for More Definite Statement (Doc. 25); and Plaintiff's Motion to Review Notary Public Oath and Certificate of Filing for Authentication (Doc. 34). The Court now rules on the Motions.

**BACKGROUND**

Defendant K. Hovanian American Mortgage LLC ("Hovanian") made a home loan (the "Loan") to Plaintiff Zsa Zsa Graham-Miller and non-party Elbert L. Miller (collectively, the "Borrowers") in the principal amount of $268,000 on June 15, 2006. The Loan is

1  evidenced by a $268,000 note (the "Note") executed by Borrowers and payable to Hovanian. The Borrowers also executed a Deed of Trust in favor of Hovanian encumbering real property located at 3546 E. Blue Ridge Way, Gilbert, Arizona (the "Property"). Defendant MERS is the designated beneficiary of the Deed of Trust. Borrowers stopped making payments on the note beginning September 2010.

MERS assigned its interest in the Deed of Trust to Defendant Nationstar on March 1, 2011. On that same date, Nationstar substituted Defendant Quality as the Trustee under the Deed of Trust. Quality noticed a non-judicial Trustee's Sale of the Property for June 2, 2011. The Notice of Trustee's Sale was later canceled.

## **MOTIONS TO DISMISS**

Defendants Nationstar, MERS, and Quality moved pursuant to Rule 12(b)(6) to dismiss Plaintiff's Complaint. In the alternative, they moved for a more definite statement. They argue that Plaintiff's rambling 30-page Complaint, that does not contain any delineated Counts or causes of action, is incomprehensible and fails to meet Rule 8's pleading requirements.

Defendant CitiMortgage also moved pursuant to Rule 12(b)(6) to dismiss the Complaint. CitiMortgage argues that the only time Plaintiff even mentions CitiMortgage is in the caption of the Complaint. Because Plaintiff makes no allegations against it, CitiMortgage asserts that it should be dismissed from this case. CitiMortgage further argues that the Complaint woefully fails to meet the pleading standards and that to the extent the Complaint can be read as identifying claims, those claims fail as a matter of law.

**A. LEGAL STANDARD**

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and

plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In Arizona, courts assess the sufficiency of a claim under Arizona Rule of Civil Procedure 8, which mirrors Federal Rule of Civil Procedure 8.[1] *Cullen v. Auto-Owners Ins. Co.*, 189 P.3d 344, 346 (Ariz. banc 2008). Arizona courts follow a notice pleading standard. *Id*. Under that standard, a pleading must give the adverse party fair notice of the nature and basis of the claim and indicate generally the type of litigation involved. *Id*.

If a pleading does not meet the standards of Rule 8, a party may move to dismiss for failure to state a claim pursuant to Arizona Rule of Civil Procedure 12(b)(6). When deciding a Rule 12(b)(6) motion, Arizona courts consider only the pleading itself and the well-pleaded allegations contained therein. *Id*. The courts assume the truth of all well-pleaded factual allegations and reasonable inferences therefrom. *Id*. "Because Arizona courts evaluate a complaint's well-pled facts, mere conclusory statements are insufficient to state a claim upon which relief can be granted . . . a complaint that states only legal conclusions . . . does not satisfy Arizona's notice pleading standard under Rule 8." *Id*.

Arizona courts did not adopt the Supreme Court's admonition in *Conley v. Gibson*, 355 U.S. 41 (1957) that complaints should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of her claim. *Id*. at 346-47. Arizona trial courts may not speculate about hypothetical facts that might entitle a plaintiff to relief. *Id*. at 347. Instead, they are limited to considering the well-pleaded allegations and reasonable inferences from those allegations. *Id*.

---

[1]The Court notes that Plaintiff filed her Complaint in Arizona state court, which has not adopted *Twombly*. The Court does not need to decide which pleading standard applies, federal or state, because the Complaint fails to state a claim under either standard.

B.     **ANALYSIS AND CONCLUSION**

Plaintiff's Complaint fails to meet either the federal pleading standard, as annunciated in *Twombly* and *Iqbal*, or the Arizona notice pleading standard.  First, Plaintiff never clearly identifies what her causes of action might be.  She mentions several statutory sections and rules, but never alleges how any of the Defendants violated those statutes or rules.  In fact, the only Defendant that Plaintiff even discusses in the Complaint is Nationstar.  The Complaint certainly does not give fair notice of the basis for her claims.

Second, and more importantly, courts have rejected all the causes of action that Plaintiff appears to attempt to allege.  Although difficult to discern from Plaintiff's scattered allegations, Plaintiff seems to be alleging some claims typically attmepted in mortgage foreclosure litigation: Nationstar is not the holder in due course of the Note ("show me the note"); the Note and the Deed of Trust were impermissibly separated; the lender did not lend actual money, just credit ("vapor money"); and wrongful foreclosure.

The main thrust of Plaintiff's Complaint appears to be that Nationstar cannot produce the original Note and therefore is not a "holder in due course" under the UCC.  Courts have repeatedly rejected this argument.  *See, e.g., Hogan v. Wash. Mut. Bank*, 261 P.3d 445, 448-49 (Ariz. Ct. App. 2011); *Diessner v. Mortgage Elec. Registration Sys.*, 618 F.Supp.2d 1184, 1187-88 (D. Ariz. 2009).  Any attempt to state a claim based on Defendants' inability to produce the original Note therefore fails as a matter of law.

This Court also has rejected attempts to state a claim for impermissible separation of a promissory note from a deed of trust.  *Owens v. Reconstruct Co.*, 2011 WL 3684473 *3 (D. Arizona August 23, 2011)(citing *Maxa v. Countrywide Loans, Inc.*, 2010 WL 2836958 *4 (D. Arizona July 19, 2010)).  The Court has found no Arizona authority suggesting that a trustee must produce both the promissory note and the deed of trust together before the trustee can foreclose.  Any attempt to state a claim for separation of Plaintiff's Note and Deed of Trust therefore fails.

Any attempt to state a "vapor money" claim similarly fails.  Proponents of the vapor money theory argue that home mortgages are not enforceable because banks do not loan

actual money. *Vollmer v. Present*, 2011 WL 11415 *6 (D. Arizona January 4, 2011). Courts in this District universally have rejected this argument. *See, e.g., Vollme*, 2011 WL 11415 at *6; *Owens*, 2011 WL at *3.

Plaintiff entitled her complaint, "Unlawful Foreclosure." (Doc. 1-1.) The Court therefore assumes that Plaintiff is attempting to allege the tort of wrongful foreclosure. Arizona state courts have not yet recognized a wrongful foreclosure action. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). But to the extent the cause of action even exists in Arizona, the cause is not ripe until a foreclosure sale has occurred. *Id.* at 1043-44; *Jones v. Bank of Am.*, 2010 WL 2228517, at *3 (D. Ariz. June, 1, 2010). Because no Trustee Sale has occurred here, Plaintiff cannot possibly state a claim for wrongful foreclosure.

Plaintiff's Complaint does not satisfy the pleading requirements of either Federal or Arizona Rule of Civil Procedure 8. Additionally, to the extent the Court generously construes Plaintiff's allegations as articulating legal theories, those legal theories fail as a matter of law. The Court therefore will grant the Motions to Dismiss.

## **ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff filed a pleading that she captioned "Alternative Motion for More Definite Statement." (Doc. 25.) In the pleading, Plaintiff states that she "submits this motion to change the original motion 'Unlawful Disclosure' to 'Common Law Fraud.'" (Id. p.1.) The Court construes this pleading as a motion to amend the Complaint. In the pleading, Plaintiff specifies that she is "only changing the motion and would like to keep all original documents filed in the original case in the Superior Court of the State of Arizona . . . as supporting documentation." (Id. p.2.)

The Court initially notes that Plaintiff's motion is procedurally improper because she did not submit a copy of the proposed amended complaint as required by Local Rule of Civil Procedure 15.1. *Cervantes*, 656 F.3d at 1043 (holding the plaintiffs' motion to amend was procedurally improper because it was made orally and they did not submit a copy of the proposed amended pleadings). Nonetheless, the Court will consider the motion.

- 6 -

1  The Court should freely give leave to amend "when justice so requires." Fed. R. Civ.
2  P. 15(a)(2). Whether to grant a motion to amend depends on the following factors: (1) undue
3  delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5)
4  whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v.*
5  *Molini*, 951 F.2d 200, 204 (9th Cir. 1991). The most important of these factors is prejudice
6  to the opposing party. *U.S. v. Pend Oreille Public Utility Dist., No. 1*, 926 F.2d 1502, 1511
7  (9th Cir. 1991).

8  Defendants have not argued that Plaintiff acted with undue delay or in bad faith in requesting to change her claim from wrongful foreclosure to common law fraud. Nor do Defendants argue they will be prejudiced if the Court allows Plaintiff to amend her Complaint, which is the most important factor. And Plaintiff has not amended her Complaint previously.

13 Defendants do argue that amendment would be futile. They argue Plaintiff cannot state a claim for fraud. Although the Court suspects that is true, the Court cannot say with certainty that amendment would be futile. Moreover, Plaintiff initially filed her Complaint in state court, where she did not anticipate having to meet federal standards. Because Defendants have not demonstrated prejudice and because the Court cannot say with certainty that amendment would be futile, the Court will allow Plaintiff to file an amended complaint.

19 But Plaintiff's amended complaint must make clear her allegations in short, plain statements in the manner required by Rule 8 of the Federal Rules of Civil Procedure. And Plaintiff must make specific allegations against each Defendant. She cannot simply name a Defendant in the caption, then never allege any wrongdoing by that Defendant.

23 Moreover, Plaintiff is cautioned not to simply re-allege the legal theories that the Court in this Order found fail to state a claim, i.e., show me the note, vapor money, separation of the note and deed, wrongful foreclosure. The Court further cautions Plaintiff that if she wants to allege fraud claims, she must do so with the specificity required by Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).

The Court also notes that Plaintiff has peppered the Complaint with repetitive requests for relief, admissions, production and with interrogatories. If Plaintiff amends the Complaint, then she is advised to set forth her demand for relief in one place at the end of the amended complaint as required by Rule 8(a)(3). Finally, Plaintiff cannot make requests for admissions or requests for production in her amended complaint and cannot list questions for Defendants to answer.

Accordingly,

**IT IS ORDERED GRANTING** Defendants' Motions to Dismiss (Docs. 7 & 8).

**IT IS FURTHER ORDERED GRANTING** Plaintiff's Alternative Motion for More Definite Statement (Doc. 25), which the Court has construed as a motion to amend. Plaintiff shall have twenty (20) days from the date of this Order to file an amended complaint that complies with the Court's directions above. If Plaintiff does not file an amended complaint within twenty days of the date of this Order, the Clerk's office shall dismiss this case with prejudice without further notice.

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Review the Authentication of Official Documents Related to Fraud (Doc. 23) and Plaintiff's Motion to Review Notary Public Oath and Certificate of Filing for Authentication (Doc. 34) because Plaintiff has not articulated a valid legal basis for her requests in those pleadings.

DATED this 8th day of February, 2012.

James A. Teilborg
United States District Judge