**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zsa Zsa Graham-Miller, | No. CV-11-00848-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Nationstar Mortgage LLC; Quality Loan Service Corp.; Mortgage Electronic Registration Systems, Inc., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 47). The Court now rules on the Motion.

**I.    BACKGROUND**

Non-party K. Hovanian American Mortgage LLC ("Hovanian") made a home loan (the "Loan") to Plaintiff Zsa Zsa Graham-Miller and non-party Elbert L. Miller (collectively, the "Borrowers") in the principal amount of $268,000 on June 15, 2006. The Loan is evidenced by a $268,000 note (the "Note") executed by Borrowers and payable to Hovanian. The Borrowers also executed a Deed of Trust in favor of Hovanian encumbering real property located at 3546 E. Blue Ridge Way, Gilbert, Arizona (the "Property"). Defendant MERS is the designated beneficiary of the Deed of Trust. Borrowers stopped making payments on the Note beginning September 2010.

MERS assigned its interest in the Deed of Trust to Defendant Nationstar on March 1,

2011. On that same date, Nationstar substituted Defendant Quality as the Trustee under the Deed of Trust. Quality noticed a non-judicial Trustee's Sale of the Property for June 2, 2011. The Notice of Trustee's Sale was later canceled.

Defendants moved to dismiss Plaintiff's original complaint for failing to meet Rule 8's pleading requirements. The Court agreed and dismissed the complaint, with leave to amend. (Doc. 45). Plaintiff then filed an Amended Complaint, alleging common law and constructive fraud. (Doc. 46). Defendants again moved to dismiss for failure to state a claim. (Doc. 47).

## II.   LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id*. Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and

- 2 -

Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Pro se complaints are to be construed liberally and 'may be dismissed for failure to state a claim only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228, 1230 (9th Cir. 1984) (internal citation omitted)).

**III.   DISCUSSION**

**A.   Fraud**

In its previous order, the Court cautioned Plaintiff to allege fraud with the required specificity in any amended complaint. (Doc. 45 at 7-8).

> Pursuant to Fed. R. Civ. P. 9(b), "in order for a complaint to allege fraud with the requisite particularity, 'a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth

- 3 -

> what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *In re GlenFed*, 42 F.3d at 1548 (9th Cir. 1994)).

*Williamson v. Allstate Insurance Co.*, 204 F.R.D. 641, 644-45 (D. Ariz. 2001). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir.2007) (internal citation omitted).

Plaintiff alleges constructive fraud on the part of Defendant Quality. "Constructive fraud is defined as a breach of a legal or equitable duty which, without regard to moral guilt or intent of the person charged, the law declares fraudulent because the breach tends to deceive others, violates public or private confidences, or injures public interests." *Lasley v. Helms*, 880 P.2d 1135, 1137 (Ariz. Ct. App. 1994). Plaintiff's claim consists of a bare allegation of fraud, without an indication as to how Defendant Quality breached its duty, whom was deceived, what confidences were violated, or how the public interest was injured. (Doc. 46 at 2). Plaintiff thus fails to meet the requirements of Rule 9(b) with regard to this claim.

Plaintiff alleges Defendants committed common law fraud with regard to: (1) the Notice of Trustee's Sale on March 2, 2011. (Pl. Ex. 2A); (2) the Substitution of Trustee on March 1, 2011 (Pl. Ex. 2B); (3) and the Assignment of Deed of Trust on March 1, 2011 (Pl. Ex. 3B). Insofar as Plaintiff's claims regard the Notice of Trustee's Sale, they are moot, as the sale was cancelled.

Plaintiff has failed to meet federal pleading standards with regard to the Substitution of Trustee and the Assignment of Deed of Trust. To show fraud, a plaintiff must identify: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; [and] (9) his consequent and

1  proximate injury." *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (1982). Even
2  assuming Plaintiff's allegation that false signatures were used is true, Plaintiff has still failed
3  to demonstrate elements seven and nine. Plaintiff has failed to show reliance, as her
4  obligations did not change with either the Substitution of Trustee or the Assignment of Deed
5  of Trust, nor did she allege that she took any action in reliance upon either of the documents.
6  Plaintiff has failed to demonstrate injury, since her obligations were incurred in 2006, and
7  neither of the documents modified those obligations. Accordingly, she has failed to state a
8  valid legal claim for common law fraud.

9  Plaintiff also alleges that Defendant MERS was not legally authorized as nominee,
10 or beneficiary, "as a result of inaccurate information submitted on the Deed of Trust dated
11 June 15, 2006." Specifically, she argues that MERS required slightly different Original
12 Mortgagee language than was actually used on the Deed. (Pl. Ex. 1A; Pl. Ex. 1B). The source
13 Plaintiff uses for that requirement includes the disclaimer "[t]his is representative language
14 only." (Pl. Ex. 1A). Even if Plaintiff is correct that the language used did not meet MERS's
15 requirements, she fails to allege a legal theory under which this fact might entitle her to
16 relief. Accordingly, this allegation fails to state a claim for relief.

### B.  Standing

18  Defendants argue that even if Plaintiff has sufficiently alleged a claim, she lacks
19 standing to bring it. This Court has previously held that borrowers who were not parties to
20 the assignment of their deed lack standing to challenge the assignment's validity. *In Re*
21 *MERS Litigation*, MDL Dkt. No. 09–2119–JAT, 2011 WL 4550189, *5 (D. Ariz. Oct. 03,
22 2011); *see also Silving v. Wells Fargo Bank, NA*, CV 11-0676-PHX-DGC, 2012 WL 135989,
23 *3 (D. Ariz. Jan. 18, 2012). Accordingly, Plaintiff lacks standing to challenge the
24 Substitution of Trustee or Assignment of Deed of Trust as fraudulent.

### C.  Conclusion

26  Because Plaintiff has failed to plead fraud with the requisite particularity against any
27 Defendant, because her claim regarding the Notice of Trustee Sale is moot, and because she
28 does not have standing to challenge the validity of Substitution of Trustee or the Assignment

of her Deed of Trust, the Court will grant the Motion to Dismiss the Amended Complaint.

## IV. Attorneys' Fees

Defendants seek an award of attorneys' fees under two separate Arizona statutes.

### A. Ariz. Rev. Stat. Ann. § 33-807(E)

Defendant Quality argues that under Arizona law it is entitled, as trustee, to be dismissed immediately and to recover its costs and attorney's fees.

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

Ariz. Rev. Stat. Ann. § 33-807(E).

> [T]o receive the protection of A.R.S. § 33-807(E) [sic] as to any particular claim, a trustee must establish three elements. First, that the trustee has been named as a defendant in the claim. Second, that the claim relates to the authority of the trustee to act, given to the trustee either by the trust deed or Arizona statutes regulating trust deeds. Third, that the claims do not allege that the trustee breached any of his or her obligations that arise under either the deed of trust or the statutory chapter of the Arizona Revised Statutes that regulates deeds of trust.

*Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116, 1125 (D. Ariz. 2011). The first element is satisfied here; Defendant Quality is a named defendant. Second, because the alleged fraud concerns the substitution of Quality as trustee, it necessarily relates to Quality's authority to act under the trust deed. Third, there is no allegation that Quality breached any of its obligations under the deed of trust, nor under the relevant chapter of the Arizona Revised Statutes. Accordingly, Quality is entitled to be dismissed and to recover costs and attorneys' fees from Plaintiff.

The parties are directed to confer in good faith to resolve any disputes concerning the amount of *reasonable* expenses and fees. *See* LRCiv 54.2(d)(1). If the parties are unable to agree, Defendant Quality may file a motion pursuant to Local Rule 54.2. Any such motion shall be filed, with a supporting memorandum, within twenty-one (21) days of this order, with the response and reply briefs due in accordance with the time periods provided in Local Rule 54.2(b)(3) and (4).

- 6 -

### B. Ariz. Rev. Stat. Ann. § 12-341.01

Defendants further argue that they are entitled to an award of their attorneys' fees pursuant to Arizona Revised Statutes section 12-341.01. (Doc. 49 at 2; A.R.S. § 12-341.01).

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees."§ 12-341.01(a). The action in this case arises "out of a contract." Therefore, the Court must determine whether Defendants are the "successful party" within the meaning of section 12-341.01(a). If the Court finds Defendants are the "successful party," the Court must then determine whether awarding fees to Defendants is appropriate. Finally, the Court must determine if the amount of fees Defendants seek is reasonable.

However, Defendants have merely asserted that they are entitled to an award of their attorneys' fees. They have failed to discuss any of the reasonableness factors this Court must weigh in exercising its discretion to award attorney's fees. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (in banc) (discussing the factors to be considered in awarding attorney's fees and stating that trial courts have broad discretion in fixing the amount of the fee). When weighing the factors set out in *Warner*, the party requesting fees has the burden of proving entitlement. *Woerth v. City of Flagstaff*, 808 P.2d 297, 305 (Ariz. Ct. App. 1991). By making their request for attorneys' fees in their Reply, Defendants have also denied Plaintiff an opportunity to present specific evidence of hardship by affidavit or testimony in order to oppose an award. *See Wilcox v. Waldman*, 744 P.2d 444, 450 (Ariz. Ct. App. 1987). Accordingly, if Defendants wish to be awarded attorneys' fees under section 12-341.01, they must file a separate motion that complies with Local Rule 54.2, setting out the reasons this Court should exercise its discretion to award fees. The Court therefore denies the request for attorneys' fees pursuant to A.R.S. § 12-341.01, without prejudice to refiling.

### V. REQUEST FOR RULING

The Court acknowledges Defendants' Request for Ruling. (Doc. 51). The Court notes that under Local Rule of Civil Procedure 7.2(l), the attorneys of record in this case should properly have inquired of this Court regarding the status of this matter, in writing, *one*

1  *hundred and eighty days* after the matter had been taken under advisement. LRCiv 7.2(l). The
2  Court also notes that Defendants' Request was filed only forty-five days after Defendants'
3  Reply In Support of Motion to Dismiss (Doc. 49) was received. As the Court is now ruling
4  on the Motion, Defendants' Request is rendered moot.

5  Based on the foregoing,

6  **IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 47).

7  **IT IS FURTHER ORDERED** that, as set forth in this Order, Defendant Quality must
8  file any reasonable request for attorneys' fees pursuant to A.R.S. § 33-807(E) within twenty-
9  one (21) days of this order.

10  **IT IS FURTHER ORDERED** denying without prejudice to refiling the Defendants'
11  request for attorneys' fees pursuant to A.R.S. § 12-341.01.

12  **IT IS FURTHER ORDERED** denying Defendants' Request for Ruling (Doc. 51)
13  as moot.

14  DATED this 21st day of June, 2012.

*[signature]*
James A. Teilborg
United States District Judge